UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCELL D. SPRAGGINS, #679121

       Plaintiff,                              Hon. Robert J. Jonker

v.                                                    Case No. 1:25-cv-1284

MICHIGAN, STATE OF, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

      For the reasons articulated herein, the undersigned recommends that this action be dismissed without prejudice, pursuant to 28 U.S.C. § 636(b)(1)(B), for Plaintiff's failure to prosecute and failure to comply with the Court's orders.

      Plaintiff initiated this action on October 23, 2025, against the State of Michigan, Kent County 17th Circuit Court, and six individuals.  (ECF No. 1).  Contemporaneous with the filing of his complaint, Plaintiff also moved the Court to waive the civil filing fee.  (ECF No. 2).  Plaintiff failed, however, to support his motion with the necessary documentation.  Accordingly, the Court entered a Deficiency Order instructing Plaintiff, within 28 days, to either submit the filing fee or provide the Court with the information necessary to assess his request to waive the filing fee.  (ECF No. 4). Plaintiff was expressly cautioned that, if he failed to pay the filing fee or submit the

necessary documentation, the Court "must order the case dismissed for want of prosecution." *Id.* Several weeks have passed since this deadline and Plaintiff has failed to comply with the Court's Order.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the undersigned to recommend that Plaintiff's claims be dismissed without prejudice. Plaintiff's failure to comply with the Court's orders or otherwise prosecute his claims is willful. Plaintiff was expressly warned that

failure to comply with the Court's orders may result in dismissal of his claims. Finally, the undersigned finds that under the circumstances a lesser sanction is insufficient.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that this action be dismissed without prejudice for Plaintiff's failure to prosecute and failure to comply with the Court's orders.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Dated: December 11, 2025          /s/ Phillip J. Green
                                  PHILLIP J. GREEN
                                  United States Magistrate Judge